IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CEDRICDAKUS CENTRELL GLOVER,** | : | **HABEAS CORPUS** |
| | : | **28 U.S.C. § 2241** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **UNNAMED RESPONDENT,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:18-CV-1147-TWT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

The matter is before the Court on submission of the Court's April 4, 2018 Order, which required Petitioner, within thirty days, to submit an amended pre-trial federal habeas corpus petition and to submit a completed *in forma pauperis* application or the required $5.00 filing fee for a federal habeas corpus petition. (Order of Apr. 4, 2018, ECF No. 2.) The undersigned advised Petitioner that failure to comply with the Court's instructions could result in the dismissal of his action. (*Id.* at 2.)

The time period expired on May 4, 2018, and the matter again is before the Court. Out of an abundance of caution, the Court has allowed Petitioner additional time, and as of June 12, 2018, the records of the Clerk of Court indicate that Petitioner has not submitted an amended petition, the applicable filing fee, or an *in forma pauperis* application as ordered and has not otherwise responded.

AO 72A
(Rev.8/82)

Under Local Rule 16.5, "[f]ailure to comply with the court's pretrial instructions may result in the imposition of sanctions, including dismissal of the case or entry of a default judgment." LR 16.5, NDGa.  Under Local Rule 41.3 A.(2), "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." LR 41.3 A.(2), NDGa.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.' " *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  A District Court may exercise this inherent authority and dismiss a case when a party fails to prosecute the case or comply with court orders.  *See id*. at 1240.  A district court generally does not abuse its discretion by ordering that an action be dismissed without prejudice on the grounds that a litigant has disregarded a court order, especially when the litigant has been forewarned.  *Brown v. Tallahassee Police Dep't*, 205 Fed. Appx. 802, 802 (11th Cir. Nov. 15, 2006).[1]  Here, the undersigned concludes that this action should be

---

[1] A "dismissal with prejudice is a drastic sanction that may be imposed only upon finding a clear pattern of delay or willful contempt and that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1340

AO 72A
(Rev.8/82)

dismissed without prejudice based on Petitioner's failure, for more than two months, to respond to the Court's lawful Order, despite being forewarned. *See Baradji v. United States*, No. 1:09-CR-241-4-WSD, 2014 WL 12708979, at *1 (N.D. Ga. Oct. 3, 2014) (finding that failure to obey a lawful court order required that the movant's motion to vacate be dismissed without prejudice under local rule 41.3 A.(2)).

Accordingly, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** due to Petitioner's failure to obey a lawful Order of this Court. *See* LR 41.3 A.(2), NDGa. It is **FURTHER RECOMMENDED** that a certificate of appealability (COA) be **DENIED** as it is not reasonably debatable that this action is subject to dismissal without prejudice under the Court's local rules. *See Baradji*, 2014 WL 12708979, at *2.

---

(11th Cir. 2005). Unlike a dismissal with prejudice, a dismissal without prejudice is a "lesser sanction" that ordinarily is not governed by the dismissal with prejudice analysis. *See id*. at 1341.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**IT IS SO RECOMMENDED** and **DIRECTED**, this 12th day of June, 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)